UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH N. SMITH,

        Plaintiff,

vs.	Case No.   2:14-cv-90-FtM-29DNF

DR. JACQUES LAMOUR, MR. PRICE, and
GEO CARE, LLC,

        Defendants.
_____

## ORDER DENYING OBJECTION TO FEBRUARY 24, 2014 ORDER

This matter comes before the Court upon review of Plaintiff's "motion in opposition to assessment of filing fees" (Doc. #8, motion), filed March 7, 2014. Plaintiff opposes the Court's February 24, 2014 Order (Doc. #6, Order) granting his motion for leave to proceed as a pauper, but assessing him a $30.00 one-time partial, filing fee pursuant to Local Rule 4.07(a)(M.D. Fla. 2009). Plaintiff was ordered to pay this $30.00 one-time, partial filing fee on or before March 12, 2014, or face dismissal of this action without further notice. See Order at 2. Instead of complying with the Court's February 24, 2014 Order, Plaintiff files the instant motion objecting to the assessment of the $30.00 filing fee.

Plaintiff states that he files the instant motion under "all applicable rules of Federal Rules of Civil Procedure," and does not cite to any particular rule. Motion at 1 (errors in original). Thus, the Court will construe the motion to be an "objection" to the Magistrate Judge's February 24, 2014 Order. Plaintiff argues

that he is not subject to "28 U.S.C. § 1915(2)" pursuant to Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). See Motion at 1. Plaintiff does not state that he cannot afford to pay the $30.00 fee. Instead, Plaintiff submits that Troville "is a 'blanket' golden rule absolving all residents at the Florida Civil Commitment Center" from paying any filing fees. Id. at 2. Plaintiff argues that Eleventh Circuit precedent overrules this Court's Local Rules. Id. If the Court does not grant Plaintiff the relief he seeks, then he requests that the Court certify this issue for the Eleventh Circuit Court of Appeal. Id. at 3.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law. "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Parties instituting a civil action, suit, or a proceeding in the district court are required to pay the clerk at the time of filing the requisite filing fee.[1] 28 U.S.C. § 1914(a). Alternatively, a person may commence an action without the prepayment of fees, if the party accompanies the filing of his pleading with an affidavit of indigence. See 28 U.S.C. § 1915(a), Local Rule 4.07(a)(M.D. Fla. 2009). Pursuant to a portion of the Prison Litigation Reform Act, "prisoners" may proceed *in forma*

---

[1] A habeas action is subject to a $5.00 filing fee.

*pauperis*, but are still assessed the full filing fee. See 28 U.S.C. § 1915(3)(b)(1). Additionally, Local Rule 1.03(e)(M.D. Fla. 2009) affords "prisoners" thirty (30) days to provide the Court with the requisite filing fee or an application to proceed *in forma pauperis* before the action is subject to dismissal without prejudice.

Here, Plaintiff sought leave to proceed as a pauper under § 1915(a)(1). See Doc. #2. The Court granted Plaintiff's motion, but assessed a one-time fee of $30.00 pursuant to Local Rule 4.07(a) (M.D. Fla. 2009). See Order. Local Rule 4.07, which is entitled "*in forma pauperis* proceedings," states that the Court "may enter such other orders as shall seem appropriate to the pendency of the cause, including an order that the party seeking leave to proceed *in forma pauperis* shall pay a stated portion of the Clerk's and/or Marshal's fees within a prescribed time, failing which the action may be dismissed without prejudice." Id.

This Court has always recognized that plaintiffs, who are civilly committed at the FCCC, are not considered "prisoners" and has never applied any portion of the Prison Litigation Reform Act to them. Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002). In Troville, the district court mistakenly applied portions of the Prison Litigation Reform Act to a case filed by a civilly committed plaintiff and assessed the plaintiff the full $350.00 filing fee. See generally id. Here, the Magistrate Judge did not assess

Plaintiff the full filing fee and did <u>not</u> apply any portion of the Prison Litigation Reform Act to Plaintiff's case.  Further, this Court is unpersuaded by Plaintiff's arguments that <u>Troville</u> prevents this Court from assessing civilly committed plaintiff any filing fee whatsoever.  The Court is not aware of any binding precedent that would prevent the Court from assessing civilly detained, or civilly committed, plaintiffs a "reasonable" fee for filing a civil rights action.  Thus, pursuant to Local Rule 4.07, the Court assessed Plaintiff a one-time $30.00 filing fee (as opposed to the full $400.00 filing fee).  In calculating this fee, the Court relied upon Plaintiff's motion for leave to proceed *in forma pauperis* and copies of his account statement reflecting average balances over $600.00.  Thus, the Court determined that a reasonable fee would be $30.00, which is 20% of his average balance in his FCCC account.

Based on the foregoing, Plaintiff's objections to the Magistrate Judge's February 24 Order are overruled.  The Court determines that the Magistrate Judge's order assessing Plaintiff a one-time $30.00 filing fee was not clearly erroneous or contrary to the law.  Plaintiff does not state that he cannot afford the fee.  Thus, Plaintiff must pay the $30.00 filing fee on or before April 2, 2014.  The Court will not entertain any additional questions or motions concerning the $30.00 filing fee.  Plaintiff's failure to comply with the Court's Order **will** result in the dismissal of this

action without further notice.  Additionally, the Court declines to certify this issue for the appellate court.

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's motion construed to be an objection to the Magistrate Judge's February 24 Order (Doc. #8) is **overruled** and the motion is **denied.**

2. Plaintiff must pay the $30.00 filing fee **on or before April 16, 2014.**  Failure to do so **will** result in the dismissal of this action without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___27th___ day of March, 2014.

```
_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE
```

sa: alr
Copies: All Parties of Record